**HILL, FARRER & BURRILL LLP**
JESSE MOLINA (Bar No. 211408)
One California Plaza, 37th Floor
300 South Grand Avenue
Los Angeles, CA 90071-3147
Telephone: (213) 620-0460
Fax: (213) 624-4840

Attorneys for Defendant
URBAN SETTLEMENT SERVICES, LLC,
a Pennsylvania limited liability company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| RUSSELL RANCH ROAD II LLC, a Delaware limited liability company,<br><br>            Plaintiff,<br><br>     vs.<br><br>URBAN SETTLEMENT SERVICES, LLC, a Pennsylvania limited liability company,<br><br>            Defendant. | CASE NO. 2:17-CV-9008<br><br>**NOTICE OF REMOVAL** |

**TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§1332(a) and 1441(a) and (b), Defendant URBAN SETTLEMENT SERVICES, LLC, a Pennsylvania limited liability company (hereinafter "Defendant" or "Urban Settlement"), hereby removes the above entitled case from the Superior Court of the State of California for the County of Los Angeles, Case No. LC106570, to the United States District Court for the Central District of California – Western Division. In support of this removal, Defendant alleges as follows:

    1.    On or about December 6, 2017, Plaintiff RUSSELL RANCH ROAD II LLC ("RRR II" or "Plaintiff") caused to be filed a Summons and Verified

1  Complaint for Unlawful Detainer with the Superior Court of the State of California,
2  in and for the County of Los Angeles, in Case No. LC106570 ("Complaint").  A
3  true and correct copy of the Summons and Complaint, Civil Case Cover Sheet,
4  Civil Case Cover Sheet Addendum and Statement of location, Voluntary Efficient
5  Litigation Stipulations and Notice of Trial Setting/ Case Management
6  Conference/OSC re: Dismissal, are collectively attached hereto as Exhibit A.  The
7  aforementioned Summons and Complaint, and related pleadings attached hereto as
8  Exhibit A constitute all of the process, pleadings and orders either served upon or
9  filed by Plaintiff in this action.
10        2.     At all material times herein including at the time of this removal,
11  Urban Settlement is and has been a domestic limited liability company, registered
12  in the State of Pennsylvania. (See Exhibit A, Complaint at pg. 1:1-16, and ¶ 3).
13  Urban Settlement's sole member is Urban Link Corporation, a corporation
14  organized under the laws of the State of Pennsylvania, whose principal place of
15  business at the time of this removal is in the State of Colorado.  Urban Settlement is
16  therefore a citizen of the states of Pennsylvania and Colorado within the meaning of
17  28 U.S.C. §1332(a).
18        3.     Other than Urban Settlement, there are no other defendants named in
19  the Complaint or identified in the Summons thereto.
20        4.     Plaintiff RRR II is identified in the California Secretary of State's
21  online business entity records as a domestic limited liability company duly formed
22  under the laws of the State of Delaware, whose principal place of business is in
23  Bethesda, Maryland.  (See Complaint at caption and ¶ 2, attached as Exhibit A
24  hereto; and Exhibit 1 attached to Request for Judicial Notice In Support of Notice
25  of Removal ("RJN")).  The sole member of RRR II is Russell Ranch Road, LLC, a
26  Delaware limited liability company, as evidenced by the Complaint and the Lease.
27  (See Complaint at caption, and ¶ 2; Verification to Complaint at page 6; and Lease
28  at pages 1, and 43 (attached as Exhibit A to Complaint)).  Russell Ranch Road,

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

LLC's principal place of business is in Bethesda, Maryland. (See Exhibit 2 to RJN). Russell Ranch Road, LLC's only known member is MEPT Russell Ranch Road LLC, a Delaware limited liability company, whose principal place of business is also in Bethesda, Maryland. (See Verification to Complaint at page 6 (Exhibit A hereto), and Lease at page 43 (Lease attached as Exhibit A to Complaint); and Exhibit 3 to RJN). In turn, MEPT Russell Ranch Road LLC's only known member is MEPT Edgemoor REIT LLC, a Delaware limited liability company, whose principal place of business is also in Bethesda, Maryland. (See Verification to Complaint at page 6 (Exhibit A hereto), and Lease at page 43 (Lease attached as Exhibit A to Complaint); and Exhibit 3 to RJN). None of Plaintiff's members or sub-members are citizens of the state of Pennsylvania or Colorado at the time of this removal.

5. Because Urban Settlement is a citizen of the states of Pennsylvania and Colorado, and none of Plaintiff's members are citizens of the state of Pennsylvania or Colorado, there is complete diversity of citizenship within the meaning of 28 U.S.C. §1332(a).

6. Venue is proper in this jurisdictional district because the commercial real property that that is the subject of the Complaint is located in 30870 Russell Ranch Road, Second Floor, Westlake Village, California 91362 (the "Property" or "Premises"). (See Exhibit A, Complaint ¶ 1, lines 25-27).

7. This Court has original jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and this action may be removed to this Court under the provisions of 28 U.S.C. §1441(a).

8. This action may be removed on the basis of jurisdiction conferred by 28 U.S.C. § 1332(a) because it is filed less than thirty (30) days after service of the Summons and Complaint on Urban Settlement, and less than one year after the underlying action was commenced in state court, pursuant to 28 U.S.C. § 1446(b).

///


9. The amount in controversy alleged in the Complaint is in excess of $342,695.85 for past due rent, and loss rental damages of $3,684.90 per day from December 1, 2017 for each day that Urban Settlement remains in possession of the Premises through entry of judgment. (Complaint at ¶ 26, and Prayer at ¶¶ 3-4).

10. Unlawful detainer cases are properly removed to federal court as long as the components of federal jurisdiction are present. *Swords to Plowshares v. Kemp*, 423 F. Supp.2d 1031, 1037 (N.D. Cal. 2005). "Numerous cases support the finding that unlawful detainers are subject to removal." *Swords to Plowshares, supra,* 423 F. Supp.2d at 1037, citing *Rubel–Jones Agency, Inc. v. Jones*, 165 F.Supp. 652, 654 (W.D. Mo. 1958); see also *Mutual First, Inc. v. O'Charleys of Gulfport, Inc.*, 721 F.Supp. 281 (S.D. Ala. 1989) (denying remand of an unlawful detainer removed for diversity jurisdiction); and *Katz v. Herschel Mfg. Co., 150 F. 684* (C.C.D. Neb. 1906) (denying remand of an unlawful detainer removed for diversity jurisdiction).

11. A state rule which gives certain state courts exclusive jurisdiction to hear unlawful detainer actions is not a bar to removal. *Ezon v. Cornwall Equities Ltd.,* 540 F.Supp. 885, 887 (S.D. Tex. 1982). Neither specific state procedural rules nor any alleged exclusive state court jurisdiction support remand where diversity jurisdiction is present. *Id*.

WHEREFORE, the above described action now pending in the Superior Court of the State of California, in and for the County of Los Angeles, is hereby removed therefrom to this Court.

DATED: December 15, 2017        **HILL, FARRER & BURRILL LLP**

By: /s/ Jesse Molina
JESSE MOLINA
Attorneys for Defendant
URBAN SETTLEMENT SERVICES, LLC, a Pennsylvania limited liability company

HFB 1850873.1

9. The amount in controversy alleged in the Complaint is in excess of $342,695.85 for past due rent, and loss rental damages of $3,684.90 per day from December 1, 2017 for each day that Urban Settlement remains in possession of the Premises through entry of judgment. (Complaint at ¶ 26, and Prayer at ¶¶ 3-4).

10. Unlawful detainer cases are properly removed to federal court as long as the components of federal jurisdiction are present. *Swords to Plowshares v. Kemp*, 423 F. Supp.2d 1031, 1037 (N.D. Cal. 2005). "Numerous cases support the finding that unlawful detainers are subject to removal." *Swords to Plowshares, supra,* 423 F. Supp.2d at 1037, citing *Rubel–Jones Agency, Inc. v. Jones*, 165 F.Supp. 652, 654 (W.D. Mo. 1958); see also *Mutual First, Inc. v. O'Charleys of Gulfport, Inc.*, 721 F.Supp. 281 (S.D. Ala. 1989) (denying remand of an unlawful detainer removed for diversity jurisdiction); and *Katz v. Herschel Mfg. Co., 150 F. 684* (C.C.D. Neb. 1906) (denying remand of an unlawful detainer removed for diversity jurisdiction).

11. A state rule which gives certain state courts exclusive jurisdiction to hear unlawful detainer actions is not a bar to removal. *Ezon v. Cornwall Equities Ltd.,* 540 F.Supp. 885, 887 (S.D. Tex. 1982). Neither specific state procedural rules nor any alleged exclusive state court jurisdiction support remand where diversity jurisdiction is present. *Id*.

WHEREFORE, the above described action now pending in the Superior Court of the State of California, in and for the County of Los Angeles, is hereby removed therefrom to this Court.

DATED: December 15, 2017     **HILL, FARRER & BURRILL LLP**

By: /s/ Jesse Molina
JESSE MOLINA
Attorneys for Defendant
URBAN SETTLEMENT SERVICES, LLC, a Pennsylvania limited liability company

HFB 1850873.1