UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 17-9008-GW(JPRx) | Date | January 9, 2018 |
|---|---|---|---|
| Title | *Russell Ranch Rd. II LLC v. Urban Settlement Servs., LLC* | | |

| Present: The Honorable | GEORGE H. WU, United States District Judge |
|---|---|

| Javier Gonzalez | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS): **ORDER TO SHOW CAUSE RE DIVERSITY JURISDICTION**

    Defendant Urban Settlement Services, LLC ("Defendant") removed this unlawful detainer action to this Court, from Los Angeles County Superior Court, on December 15, 2017, basing federal jurisdiction on 28 U.S.C. § 1332(a). Pursuant to the requirements of that jurisdictional statute, it has pled that the amount-in-controversy exceeds $75,000, *see* Notice of Removal ¶ 9, and it properly acknowledges that its own citizenship and the citizenship of plaintiff Russell Ranch Road II LLC ("Plaintiff"), as limited liability companies ("LLCs"), must be adjudged by the citizenship of the *members* of those entities. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Defendant properly accounted for its own citizenship under that rubric. *See* Notice of Removal ¶ 2.

    In attempting to account for the citizenship of Plaintiff, Defendant identifies a sequence of three member/submember entities that are also limited liability companies. *See id.* ¶ 4. For all but the last of those LLCs, Defendant successfully identifies the members. *See id.* However, as to the last of those LLCs – MEPT Edgemoor REIT LLC ("Edgemoor") – Defendant says nothing other than that it is a Delaware LLC with a principal place of business in Bethesda, Maryland. *See id.* This information is effectively irrelevant under *Johnson*.[1] Defendant then closes its submission on Plaintiff's citizenship by stating that "[n]one of Plaintiff's members or sub-members are citizens of the state of Pennsylvania or Colorado" – Defendant's states of citizenship. *See id.*

    As the party asserting this Court's subject matter jurisdiction, Defendant has the burden of satisfactorily demonstrating all necessary jurisdictional prerequisites. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010). By cutting off its member/submember citizenship analysis at Edgemoor, it would appear that Defendant has fallen short of its obligation under *Johnson*. *See Lafountain v. Meridian Senior Living, LLC*, No. CV 15-03297-RGK (PJWx), 2015 WL 3948842, *2

---

[1] In a Request for Judicial Notice filed on December 18, 2017, Defendant submitted a printout from the State of Delaware's Department of State, Division of Corporation, regarding Edgemoor, which simply confirms that the entity is a Delaware LLC (and that its registered agent is also located in Wilmington, Delaware). *See* Docket No. 9-1, Exh. 4. This document does not appear to add anything new to the citizenship calculus under *Johnson*.

(C.D. Cal. June 29, 2015) ("If any member of a limited liability company . . . is itself a partnership or association (or another LLC), the federal court needs to know the citizenship of each submember as well."); *see also Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed. App'x 62, 64-65 (9th Cir. 2011) (finding defendant LLCs failed to satisfy their burden to show complete diversity of citizenship, where they failed to state citizenship of LLC members and instead simply asserted that none of the members were citizens of the same state as the plaintiff, Oregon).[2] Certainly Defendant has not directed the Court to any case finding sufficient a similar effort in the removal context. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."); *see also, e.g.*, *Greaux v. Ocwen Loan Servicing, LLC*, No. SACV 12-00382-CJC (ANx), 2012 WL 1802147, *2 (C.D. Cal. May 17, 2012); *cf. Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087-88 (9th Cir. 2014) (assessing sufficiency of approaches to jurisdictional allegations in case originally-filed in federal court).

Defendant shall submit to the Court a filing by January 16, 2018, sufficiently identifying the member(s)/submember(s) of Edgemoor, along with their state(s) of citizenship, or binding legal precedent indicating that their efforts thus far are sufficient in the removal context. *See Satarco Kish Trading, LLC v. Wamar Int'l Grp., LLC*, No. CV 15-05206 BRO (JCx), 2015 WL 12656920, *1 (C.D. Cal. Jul. 16, 2015) (noting that proper pleading of LLC citizenship requires identification of LLC's owners or members, and allegation of every state of which every owner or member is a citizen); *Airtex Prods., L.P. v. Am. Home Assur. Co.*, No. ED CV 11-01198 SJO (DTBx), 2011 WL 4527436, *2 (C.D. Cal. Sept. 16, 2011) ("Without knowing the identity or citizenship of the members and partners of the Plaintiff companies, the Court cannot possibly determine whether complete diversity exists in this case."). A failure to do so will result in the Court remanding the case to state court. If Defendant files papers as set forth above, Plaintiff may respond, if it so chooses, by January 23, 2018. The Court would then take the issue under submission.

                                                                                                   :

Initials of Preparer    JG

---

[2] The Court recognizes that *Lindley* is not binding precedent. Instead, this case is cited only for its persuasive value with respect to proper pleading of diversity for LLCs. *See* 9th Cir. R. 36-3(a)-(b); Fed. R. App. P. 32.1(a).